**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RUSH MEDIA COMPANY, LLC, | § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | CIVIL ACTION NO. 5:20-cv-1290 |
| RURAL MEDIA GROUP, INC. | | |
| *Defendant.* | | |

**ORIGINAL COMPLAINT**

Plaintiff, Rush Media Company, LLC, files this Original Complaint, and support thereof, respectfully shows the Court as follows:

**I.
PARTIES**

1. Plaintiff, Rush Media Company, LLC ("Rush Media"), is a Wisconsin limited liability company, and its principal place of business is located in Wisconsin. For the purpose of diversity jurisdiction, Rush Media is a citizen of Wisconsin.

2. Defendant, Rural Media Group, Inc. ("RMG"), is a Delaware corporation doing business in Texas, and its principal place of business is located in Nebraska. For the purpose of diversity jurisdiction, RMG is a citizen of Delaware and Nebraska. Rush Media requests that RMG be served with process through its registered agent as follows: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**II.
Jurisdiction and Venue**

3. This Court has personal jurisdiction over RMG because Rush Media's claims arise out of RMG's general activities within Texas and its activities specifically directed toward Texas.

4. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over Plaintiff's claims because (1) the amount in controversy exceeds $75,000, and (2) Plaintiff and Defendant are citizens of different states.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in this district and division because a substantial part of the events giving rise to the claims occurred therein.

### III.
#### FACTUAL BACKGROUND

6. In early 2020, RMG agreed to pay Rush Media to provide certain event production goods and services in connection with several rodeos to be organized by RMG and broadcast on RMG's network, The Cowboy Channel. Specifically, RMG agreed to pay Rush Media for goods and services, including but not limited to the use of audio equipment, video equipment, and equipment operator services, related to the production and broadcasting of five rodeo events in (1) Denver, Colorado, which occurred on January 24-26, 2020 ("Denver Rodeo"); (2) San Angelo, Texas, which occurred on February 14-15, 2020 ("San Angelo Rodeo"); (3) San Antonio, Texas, which occurred on February 21-22, 2020 ("San Antonio Rodeo"); (4) Fort Mohave, Arizona, which occurred February 29, 2020 ("Fort Mohave Rodeo"); and (5) Dallas, Texas, which occurred on March 7-8, 2020 ("Dallas Rodeo").

7. Rush Media performed in all material respects according to the parties' agreement and provided the requested goods and services associated with all five rodeo events. RMG has since taken possession of the recordings of all five of these events and has repeatedly broadcast them on its station, "The Cowboy Channel," which RMG publicly boasts as reaching forty-two million homes.

8. Significantly, Rush Media invoiced RMG for the Denver Rodeo, and RMG paid the invoice in a timely manager. Similarly, Rush Media invoiced RMG for the four subsequent

rodeos. However, RMG has failed to pay any amounts due for the work performed under the agreement and in connection with the four subsequent rodeos.

9. Specifically, Rush Media invoiced RMG for the four subsequent rodeos in the total amount of $395,577.95, which is the agreed price and is the usual, customary, and reasonable price for such goods and services. Although Rush Media has repeatedly sent and re-sent copies of the relevant email exchanges and invoices evidencing the agreement and amounts owed, RMG has failed to pay any of the amount due to date.

10. Despite RMG's failure to pay any amount owed for the work performed in connection with the San Angelo Rodeo, San Antonio Rodeo, Fort Mohave Rodeo, and Dallas Rodeo, Rush Media has paid certain of its own employees and contractors for their work on these events in an effort to shield them from the wrongdoing of RMG and its network, The Cowboy Channel. RMG's actions and complete disregard of its obligations to a smaller vendor and its employees for work performed has caused Rush Media to sustain damages.

11. On July 7, 2020, Rush Media sent RMG a formal demand for the amount due, but RMG failed to pay the amount.

12. RMG has breached its contract with Rush Media, or alternatively, RMG has failed to pay Rush Media for the services it received. Further, RMG owes Rush Media $395,577.95 on its open account, plus costs and fees.

## IV.
## CAUSES OF ACTION

**Count 1 - Breach of Contract**

13. Rush Media incorporates all of the allegations set forth above as if fully set forth herein.

14. The agreement between Rush Media and RMG is valid and enforceable because it comports with all Texas contract formation principles. Further, Rush Media is the proper party to bring suit for breach of contract because Rush Media is the relevant party to the contract and performed all services pursuant to the contract.

15. Rush Media performed all of the services RMG requested of it under the contract and in connection with the San Angelo Rodeo, San Antonio Rodeo, Fort Mohave Rodeo, and Dallas Rodeo.

16. RMG breached the contract by failing to pay the total amount due to Rush Media for the services it provided in connection with the San Angelo Rodeo, San Antonio Rodeo, Fort Mohave Rodeo, and Dallas Rodeo.

17. As a result of RMG's failure to pay Rush Media the amount due under the contract, Rush Media has sustained damages in the amount of $395,577.95.

**Count 2 - Quantum Meruit**

18. Rush Media incorporates all of the allegations set forth above as it fully set forth herein.

19. Rush Media provided valuable event production services and materials, including but not limited to audio equipment, video equipment, and equipment operator services, to RMG pursuant to RMG's request.

20. Further, RMG accepted the services and materials provided by Rush Media because the relevant rodeos were filmed and broadcast. Further, RMG had reasonable notice that Rush Media expected compensation for the services and materials because Rush Media made repeated requests for payment to RMG over the course of several months.

**Count 3 - Suit on Sworn Account**

21.     Rush Media incorporates all of the allegations set forth above as it fully set forth herein.

22.     Rush Media sold and delivered event production services and goods to RMG, including but not limited to the use of audio equipment, video equipment, and equipment operator services. Rush Media kept a systematic account of the services and goods it provided and delivered to RMG.

23.     Further, the charges on the account are just because they are the usual, customary, and reasonable prices for those particular services. Finally, the amount due remains unpaid, resulting in damages to Rush Media. *See* attached affidavit.

## V.
### ATTORNEYS' FEES

24.     Pursuant to Texas Civil Practice & Remedies Code Section 38.001, Rush Media seeks reasonable attorneys' fees, court costs, and expenses from RMG.

## VI.
### DAMAGES

25.     As a result of RMG's failure to pay the amounts due pursuant to the parties' agreement and in connection with the San Angelo Rodeo, San Antonio Rodeo, Fort Mohave Rodeo, and Dallas Rodeo, Rush Media has incurred the following damages:

   a.   $97,004.00 for services and materials provided for the San Angelo Rodeo;

   b.   $33,028.39 for services and materials provided for the San Antonio Rodeo;

   c.   $66,998.00 for services and materials provided for the Fort Mohave Rodeo;

   d.   $198,547.56 for services and materials provided for the Dallas Rodeo; and

   e.   In addition to the damages set forth above, Rush Media has also incurred reasonable attorneys' fees, court costs, and other expenses.

## VII.
### PRAYER

26. For the foregoing reasons, Plaintiff, Rush Media Company, LLC, respectfully requests that Defendant, Rural Media Group, Inc., be cited to appear and answer, and that on final hearing or trial, Rush Media Company, LLC have judgment against Rural Media Group, Inc. for damages, fees, costs, and interest, including but not limited to the following:

   a. $97,004.00 for services and materials provided for the San Angelo Rodeo;

   b. $33,028.39 for services and materials provided for the San Antonio Rodeo;

   c. $66,998.00 for services and materials provided for the Fort Mohave Rodeo;

   d. $198,547.56 for services and materials provided for the Dallas Rodeo;

   e. Reasonable attorneys' fees, court costs, and expenses associated with this suit and all applicable contingent amounts in the event of appellate action(s);

   f. Pre-judgment and post-judgment interest at the highest legal or contractual rate allowed by law; and

   g. All other and further relief to which Rush Media Company, LLC is entitled.

DATED:     November 2, 2020                    Respectfully submitted,

                                                         SEYFARTH SHAW LLP

By: */s/ Jesse M. Coleman*
Jesse M. Coleman
Texas Bar No.  24072044
Southern District of Texas No. 1101514
Garreth A. DeVoe
Texas Bar No. 24094338
Southern District of Texas No. 2996466
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
Email: jmcoleman@seyfarth.com
Email: gdevoe@seyfarth.com
**Attorneys for Plaintiff,**
**Rush Media Company, LLC**

**OF COUNSEL:**
Jamaica P. Szeliga
District of Columbia Bar No. 492488
New York Bar No. 4139168
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
**Attorney for Plaintiff,**
**Rush Media Company, LLC**

66337136v.4